**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 14 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DENNIS ESCARENO,

      Petitioner-Appellant,

v.

ERASMO BRAVO, Warden,
Guadalupe County Correctional
Facility; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 01-2317

**ORDER** [*]

Before **EBEL**, **HENRY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This matter is before the court on Dennis Escareno's *pro se* request for a certificate of appealability (COA). Mr. Escareno seeks a COA so that he can

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition.

*See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from

a final order denying a § 2254 habeas petition unless petitioner first obtains

a COA). This court denies his request for a COA and dismisses this appeal. [1]

In 1999, Mr. Escareno was convicted in New Mexico state court of false

imprisonment and aggravated battery. As a result of his habitual offender status,

he received a term of imprisonment of nine and a half years, plus two years of

parole. The New Mexico Court of Appeals affirmed his conviction on direct

appeal, and the New Mexico Supreme Court denied review. He filed a state

habeas petition, which was denied, and the New Mexico Supreme Court denied

certiorari.

Mr. Escareno then filed this § 2254 habeas petition in federal district court

incorporating by reference the claims he raised in his state habeas petition and the

related petition for certiorari. The parties are familiar with the facts, so we need

not repeat them here. Construed liberally, Mr. Escareno's § 2254 petition asserts

that (1) the trial court violated his constitutional rights when it disallowed the

---

[1] The notice of appeal was filed past the thirty-day deadline set by
Fed. R. App. P. 4(a)(1)(A), but the district court granted Mr. Escareno's
timely request for an extension of time. *See id*. Rule 4(a)(5)(A). Accordingly,
this court has appellate jurisdiction. *Hinton v. City of Elwood*, 997 F.2d 774,
778-79 (10th Cir. 1993) (stating that "Rule 4(a)(5) permits the district court's
approval of a timely motion to extend to validate a prior notice of appeal").

admission of the victim's hospital records, which he asserts were exclupatory; (2) the prosecutor violated his constitutional rights by not introducing these hospital records or the testimony of hospital personnel; (3) his counsel was constitutionally ineffective because he failed to have an expert witness available to authenticate and interpret the hospital records, resulting in the district court's exclusion of such evidence; and (4) during closing argument, the prosecutor commented improperly on Mr. Escareno's right not to testify.

The district court referred the matter to a magistrate judge, who reviewed all of the trial court records and testimony and all of the state court appellate and habeas proceedings, and prepared a detailed, thorough and carefully reasoned report and recommendation. The district court adopted the magistrate judge's report and dismissed the § 2254 petition. Briefly summarized, the magistrate judge concluded that:

(1) the trial court did not abuse its discretion in excluding the hospital records and their exclusion did not deprive Mr. Escareno of any federal constitutional rights;

(2) the prosecutor was not obligated to present defense witnesses or evidence and did not commit any violation of *Brady v. Maryland*, 373 U.S. 83 (1963), because both the police and prosecutor fully disclosed the allegedly

exculpatory information to defense counsel, who possessed the medical records in question;

(3) Mr. Escareno did not receive constitutionally ineffective assistance of counsel because (a) he was not prejudiced by the allegedly defective legal assistance because his counsel did introduce evidence in support of Mr. Escareno's theory that the hospital records did not corroborate all of the victim's alleged injuries, and admission of the hospital records would not have altered the result of the proceeding because there was substantial, compelling witness testimony corroborating the extent of the victim's injuries when she was in the hospital and the day after her release, *see Strickland v. Washington*, 466 U.S. 668, 694 (1984), and (b) his counsel's performance did not so deny Mr. Escareno representation that prejudice should be presumed; and

(4) the prosecutor's closing argument comments, taken in context, were within the bounds of reasonable argumentation, *see Pickens v. Gibson*, 206 F.3d 988, 999 (10th Cir. 2000) (holding that prosecutor free to comment on defendant's failure to call certain witnesses or present certain testimony).

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003). A COA can issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 123 S. Ct. at 1034. We have reviewed Mr. Escareno's application for a COA and appellate brief, the magistrate judge's report and recommendation, the district court order, and the entire record on appeal pursuant to the framework set out in *Miller-El*. This court concludes that the requirements for issuance of a COA have not been met because the magistrate judge's and district court's resolution of Mr. Escareno's claims are not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, this court DENIES the request for a COA and DISMISSES the appeal. The mandate shall issue forthwith.

Entered for the Court


Michael R. Murphy
Circuit Judge